### BARTH ET AL. v. PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 21,809.  Filed January 12, 1911.  Opinion and mandate modified May 18, 1911.]

1. LANDLORD AND TENANT.—*Tenancies at Will.*—*Notice to Quit.*— Under §8053 Burns 1908, §5207 R. S. 1881, providing that "estates at will may be determined by one month's notice, in writing, delivered to the tenant," a notice given on December 30 to vacate immediately does not authorize the bringing of an action on the following January 3 to eject a tenant at will.  p. 560.

2. CONTRACTS.—*Mutuality.*—*Railroads.*—*Switches.*—A contract between a railroad company and the owner of certain city lots and others by which such company agreed to build at its expense certain switches upon such lots, to remove an old switch and to furnish shipping facilities to certain industries located upon such lots, as well as to others located near by, is not void for want of mutuality.  p. 561.

3.  CONTRACTS. — *Conditions Subsequent.*—*Railroads.*—*Switches.*— *Misuse of.*—*Remedies.*—*Injunction.*—*Doing Equity.*—Where a railroad company contracted to build certain switches, and agreed not to use them for other persons, or for the storage of cars, such agreements constitute conditions subsequent, and its storage of cars, its use of the switches in such manner as to damage by vibration the buildings situate on the lots, and its threat to extend such switches for the use of others, authorize injunctive relief, or an action for damages, but do not authorize the contracting parties to remove such switches from the lots, and do not prevent the company from maintaining a suit to enjoin the threatened removal of such switches.  p. 562.

4.  JUDGMENT.—*Injunction.*—*Not to Violate Contract.*—*Railroads.*— *Switches.*—In a suit by a railroad company to prevent a lot owner and others from removing certain switches constructed by it under certain contracts with such parties, a decree forbidding said defendants from removing such switches "and from further violation of their said contracts" is too broad and indefinite, since such decree should be limited to the right of plaintiff to maintain the suit at the time it was brought, and to prevent the threatened removal of the switches under the circumstances alleged.  p. 563.

From Floyd Circuit Court; *William C. Utz*, Judge.

Suit by the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company against Elizabeth Barth and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*John D. Welman* and *Charles L. Jewett*, for appellants.
*M. Z. Stannard*, for appellee.

MYERS, C. J.—Appellee successfully maintained an action for an injunction to prevent appellants from removing a railway switch from the real estate of appellant Elizabeth Barth.  The special findings show that appellant Elizabeth Barth owned certain real estate in the city of New Albany on the south side of, and abutting on State street, between Eighth and Ninth streets in said city.  The street upon which appellee maintains its main track runs in a general easterly and westerly direction.  Appellant Elizabeth Barth owned real estate on the south side of, and abutting on Macbeth street, which begins at Ninth street, at a point some distance south from the street upon which appellee's main track

runs, and extends in a general southeasterly direction between Ninth and Tenth streets, which latter streets run in a northerly and southerly direction. On the land south of Macbeth street, under lease from Elizabeth Barth, was the plant of appellant August Barth Leather Company. The city council of New Albany, on April 20, 1901, authorized the appellee to construct a switch from its main track, from a point near the east line of Eighth street along Macbeth street to and across Tenth street to the property line of the American Plate Glass Works, occupied by the New Albany Manufacturing Company, which abutted on the east line of Tenth street, the purpose being to connect the main line, by a switch, with the plants of the leather company and the New Albany Manufacturing Company. On July 25, 1903, appellee executed a written agreement with the New Albany Manufacturing Company for the construction and maintenance of side-track No. 6 and No. 24, both of which, except the west fifty feet of spur No. 24 within the machine shop, were to be constructed, maintained and owned by appellee. Such agreement was substantially the same as the one made with the leather company, except that the railway company, its successors and assigns, were to have the right

"at any time after notice in writing to the second party—manufacturing company—to discontinue the use of said side-track, to remove the connections, switches and frogs, * * * and to enter upon the property of the second party, and take up and remove [its own tracks]."

On September 2, 1903, Elizabeth Barth executed to appellee a written instrument reciting the execution of the agreements with the leather company and the manufacturing company, and designating track No. 6 as

"beginning at a point in the southerly main track of the aforesaid railway east of Eighth street, * * * and extending southeasterly to the west line of Eleventh street produced southerly to the Ohio River, * * * the route of said track being shown on plan attached hereto, marked exhibit A, and made part of this conveyance."

It recites the route of the proposed track No. 6 over the real estate of Elizabeth Barth, specifically describing it, and reciting that for a consideration she

> "granted, bargained and sold * * * to appellee the right to enter upon said premises, and to construct, maintain and operate thereon said side-tracks, provided said side-tracks shall not be used for the storage of cars, and no cars shall be allowed to remain thereon longer than is necessary for loading and switching purposes, where the same now is or may be surveyed and located. * * * The width of land to be occupied for this purpose, however, not to exceed fourteen feet. * * * To have and to hold the above-described rights and privileges unto said * * * company, its successors and assigns for so long a time only as such company its successors or assigns shall elect to continue the existence and use of said side-track No. 6, and for so long a time only as said company shall maintain said side-track No. 23 for the use of the August Barth Leather Company, its successors or assigns. * * * Upon removal, all right in the railway company to cease and determine."

The plat, made an exhibit of this instrument, shows one main red line from the main track at Eighth street to the east line of Eleventh street, with a line on each side in red, shaded between, so as to show a heavy line from the north line of Elizabeth Barth's property near Eighth street to the west line of Tenth street, with a single red line marking spurs No. 23 and No. 24, and a white line in continuation of track No. 6, from the east line of Eleventh street, in the same general southeasterly direction.

On March 3, 1907, appellee entered into a written agreement with the leather company, concurred in by Elizabeth Barth, for the construction and maintenance of side-track No. 23, intended, as stated therein, to connect with a proposed side-track No. 6; and appellee was to furnish all the material and labor, and construct and maintain such side-track, with ownership vested in the railway company, with

> "the right to use without cost the whole or any part of said siding No. 23 in connection with other business

than that of the second party [the leather company] when said siding is not occupied by the second party, providing such use of siding No. 23 will not interfere with the handling of the business of the second party. The second party agrees that without the written consent of the first party it will not direct or authorize the use of said track No. 23 by or for the benefit of another party, not one of the parties hereto. * * * The second party agrees that the first party, its successors or assigns, shall have the right at any time, after securing consent from the second party, to discontinue the use of side-track No. 23, to remove the connections, switches and frogs upon the property of the first party, and to enter upon the property of the second party and take up and remove so much of side-track No. 23 belonging to the first party as may be located thereon; the first party, in such case, to commit no unnecessary injury to the property of the second party."

During the year 1903 appellee constructed a switch across the land between Eighth and Ninth streets and through a portion of Macbeth street to a point east of the east line of Tenth street, where it diverged southeasterly through the plant of the New Albany Manufacturing Company to the east line of Eleventh street, known as switch No. 6, and from a point near the west line of Eleventh street constructed a spur westwardly through the plant of said manufacturing company, nearly to the east line of Tenth street, known as switch No. 24, and had constructed a spur from a point near the west line of Ninth street, southeasterly into and through the property of Elizabeth Barth between Ninth and Tenth streets, occupied by the leather company plant, nearly to the south line thereof, known as switch No. 23. Concurrently with the construction of said side-tracks, appellee took up another side-track connection between its main track and the premises of the New Albany Manufacturing Company. The system of side-tracks was completed and set in operation in the year 1903, and has ever since been maintained and operated. It is the purpose of appellee to extend track No. 6 from its easterly terminus on the premises of the New Albany Manufacturing Company

to the premises occupied by the New Albany Veneering Company. The system of side-tracks has been at all times operated in accordance with the various agreements, and appellee has kept and performed all the provisions of the ordinance and the various agreements to be performed on its part, except in the following particulars: The August Barth Leather Company has on its premises, and had when the switch was constructed, a three-story frame building in which part of its business is conducted, which building is within eighteen and one-half feet of track No. 6, and the passage of engines and cars on track No. 6 causes a vibration of the building which was perceptible to the occupants, and at various times appellee has stored cars on the tracks, and on one occasion appellants notified appellee's local freight agent to desist from so doing. In operating said system of switches and side-tracks appellee frequently delivered to, and received from, the leather company, loaded and empty cars. On December 30, 1907, the leather company notified appellee that it elected to discontinue the use of the tracks maintained on the premises occupied by it, and on the same day Elizabeth Barth notified appellee to discontinue the use of the tracks on her premises, and both notified appellee to remove the tracks from the premises immediately. At the time the suit was begun it was the intention of said leather company and Elizabeth Barth to enter upon the premises, and tear up and remove so much of said tracks as were on the land of said Elizabeth Barth and the premises occupied by the leather company, and they were prevented from doing so only by the restraining order issued. The removal of the tracks will prevent the delivery of cars to both the leather company and the New Albany Manufacturing Company. The complaint sought by injunction to prevent appellants from removing the tracks or any part thereof, "and from further violating their said contract." The conclusions of law were that the agreement with Elizabeth Barth is not a lease, but a license, which

having been accepted, and valuable improvements and large expenditures made, and other tracks surrendered, is a license coupled with an interest, and cannot be revoked at the will of appellants, and that all three contracts are one instrument, and the storage of cars and the injury to the building are not such breaches of the agreement as would authorize appellants to terminate the agreement. The court entered a decree accordingly, providing further therein that the defendants, their agents and officers "be and they are and each of them is hereby enjoined from violating the agreements" of September 2, 1903, and March 3, 1907.

There was a motion to modify the decree by striking out thereof the portion before referred to as not being within the issues, nor warranted by the facts found or the conclusions of law stated, which was overruled. The questions here presented arise upon exceptions to the conclusions of law and the motion to modify the decree. The evidence is not in the record.

Appellants' contention is, that the court erred (1) in its conclusion of law that the agreement was a license and not a lease; (2) that the agreement created a tenancy at the will of appellee, and equally a tenancy at the will of Elizabeth Barth; (3) that the agreements between Elizabeth Barth, the leather company and appellee were void for want of mutuality; (4) that the court erred in holding that the frequent storage of cars, as found, was not a breach of the contract authorizing rescission by Elizabeth Barth; (5) that by violating the agreement as to storing cars and proposing to extend track No. 6 beyond Eleventh street, in violation of the agreement, appellee estopped itself from obtaining injunctive relief, as not having done equity.

Much research and learning are exhibited by counsel upon both sides in discussing the question whether the instruments in question constitute a tenancy at will, or a
1.   license. We do not deem it necessary to determine that question in this case; for even if appellants'

contention be correct, that the instrument is a tenancy at will—as to which we express no opinion—appellants must fail on that point by force of the statute, that in case of tenancy at will, one month's notice shall be required. §8053 Burns 1908, §5207 R. S. 1881. See *Coomler* v. *Hefner* (1882), 86 Ind. 108.

The findings show that the notice to remove the tracks was given December 30, 1907, that the action for injunction was commenced January 3, 1908, that the notice given was to remove the tracks immediately, that at the time the suit was begun it was appellants' intention to remove the tracks, and that they were only prevented by the restraining order, so that under appellants' own construction of the agreement the necessary notice was not given to authorize the forcible removal of the tracks.

We think appellants' insistence, that, because the contract imposed no obligation upon appellee, it was void for want of mutuality, and that Elizabeth Barth was at liberty to ignore it, cannot be correct. On its face

2. it shows a money consideration, the furnishing of shipping facilities to her tenant, and to another not her tenant. The findings show the expenditure of considerable money upon the faith of the contract, the removal of tracks theretofore reaching the New Albany Manufacturing Company, and the making of connection with fifty feet of track in the machine shop of the New Albany Manufacturing Company, owned by the latter, constructed by it under the agreement. The agreements impliedly obligate appellee to furnish shipping facilities to the two plants, so long, at least, as the tracks are maintained over the lands of Elizabeth Barth, and prevented removal without consent of the leather company, so that we think the contracts are not wanting in mutuality of obligation.

It is not claimed by appellants that injunction is not a proper remedy to prevent violation of a contract in a proper

case, but that the findings, that appellee had at
3.  various times stored cars on said system of tracks,
that it had at one time been notified to desist, and
that it purposed to extend its track No. 6 from its easterly
terminus on the premises occupied by the New Albany
Manufacturing Company beyond the east line of Eleventh
street to the premises of the New Albany Veneering Com-
pany, show such violation of the agreement as precludes
appellee from injunctive relief.

It is not to be passed without notice that it is found that
the system of tracks was constructed and put in operation
during the year 1903.   The contract with the New Albany
Manufacturing Company bears date of July 25, 1903, that
of Elizabeth Barth, September 2, 1903, and that with the
leather company, March 3, 1907, in which case it is recited
that the tracks are proposed tracks.   We can only reconcile
the apparent discrepancy upon the ground that there is a
mistake in the date of the contract with the leather company,
or that it was formally executed long after a tentative agree-
ment for the construction of the tracks was made, and after
they had been constructed.   No explanation of this dis-
crepancy is offered, and throughout, the date, March 3,
1907, is treated as correct.   If that be so, there being no
finding as to when cars were stored on the tracks with rela-
tion to March 3, 1907, if it had occurred before the making
of the contract of March 3, 1907, and within eleven months
of the date of the notice to remove them, it seems to have
been treated as inconsequential in the making of the contract.

Whether the agreement be regarded as a tenancy at will,
or as a license coupled with an interest, the agreement not
to use the tracks for the storage of cars, and the agreement
that tracks should not extend beyond the lands of Elizabeth
Barth, except track No. 6 to the New Albany Manufacturing
Company, are clearly conditions subsequent.   They are not
made grounds for revoking the agreement.   If either con-
stitutes a substantial breach, however, it would furnish

ground for injunctive relief. Appellants would not be driven to successive actions for damages. *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 52 L. R. A. 305.

The finding with respect to the vibrations in the building occupied by the leather company might furnish grounds for the intervention of a court to prevent the extension of the track if unauthorized, or if the extension was authorized the use thereof in a manner not contracted for might furnish ground for an action for damages; but we see no ground for the arbitrary action contemplated by appellants in removing the tracks, and the injunction in that respect is correct.

That part of the decree, however, enjoining appellants from violating the agreements executed September 2, 1903, and March 3, 1907, is too broad and too indefinite.

4. As it stands, it is a sweeping decree generally commanding observance by appellants of their contract. The real controversy here was as to the right of appellants to remove appellee's tracks summarily.

The judgment is reversed, with instructions to the court below to restate the conclusions of law, by restricting them to the one question of the right of appellee, upon the facts found, to maintain this suit at the time this suit was begun, and to sustain appellants' motion to modify the decree by eliminating the portion thereof embraced in their motion to modify, and enter a decree upon such conclusion of law.