DUDA ET AL. *v.* NEW PRAIRIE UNITED SCHOOL CORP. OF LA PORTE AND ST. JOSEPH COUNTIES, INDIANA, ET AL.

[No. 20,538. Filed March 16, 1967. Rehearing denied April 18, 1967. No Petition to Transfer Filed.]

*Robert S. Gettinger* and *Link, Gettinger & McCain,* both of La Porte, for appellants.

*Carl M. Franceschini,* of Michigan City, and *Fox, Franceschini, Transki & Martin,* of Michigan City, *Daniel E. Lewis* and *Thomas D. Sullivan,* both of La Porte, all of counsel, for appellees.

BIERLY, J.—This action was brought by appellee, New Prairie School Corporation of La Porte and St. Joseph Counties, Indiana, for an injunction to enjoin the enrolling of all school children living in the territory involved in this cause, by appellee, La Porte Community School Corporation, and its officers, and, also to enjoin the La Porte County Auditor and Treasurer from distributing tax monies from territory an-

nexed to the City of La Porte, Indiana, to the La Porte Community School Corporation.

In the formation of the issues, the appellee, New Prairie United School Corporation of La Porte and St. Joseph counties, in its amended complaint, sought a permanent injunction against the appellee, the La Porte Community School Corporation and school officials, alleging that they were unlawfully claiming and asserting jurisdiction of territory annexed to the City of La Porte, Indiana; that said school corporation was threatening to and would enroll these *appellants'* children as residents of its school corporation; and, that it would attempt to collect taxes from the Auditor and Treasurer of La Porte County, who were threatening to pay the taxes to the La Porte Community School Corporation, appellee.

Appellee, New Prairie School Corporation, further alleged, also, that it had no remedy at law, and as a consequence thereof, it would suffer irremediable damages because appellee, La Porte Community School Corporation will assert a claim to State School Funds.

By way of answer in compliance with Rule 1-3, appellants denied that The La Porte Community School Corporation was enrolling the children of appellants as resident students, or that any efforts were being made to collect taxes, or

". . . that the La Porte County Auditor and Treasurer were threatening to pay any taxes to the La Porte Community School Corporation or that it was claiming or asserting jurisdiction over the territory annexed to the City of La Porte, and that no remedy at law exists and no irremediable damage will be suffered." (Appellants' Brief, p. 3).

Trial was to the court, no jury having been impaneled. The court finds that the allegations of plaintiffs' complaint are true.

The judgment as modified was entered by the court. We quote salient paragraphs of said judgment as modified, to wit:

"It is further ordered, adjudged and decreed by the court that the defendants, La Porte Community School Corporation and Howard Ribordy, Merlin A. Porter, Kenneth Schoof, George Boklund, Dr. Seth S. Philbrook, Howard Murdock, Joseph F. Tuholski, as members of the Board of School Trustees of La Porte Community School Corporation, and Harold Hargrave, as Superintendent of La Porte Community Schools, be, and they are hereby perpetually enjoined from attempting to enroll any of the children of school age in said above described territories who reside in those territories as resident students of the La Porte Community School Corporation.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the intervening defendants, Adam Duda, Francis Faulstich, Charles Phillippe, John Anders, John Fitzgerald, Patrick Fitzgerald, Charles Dadlow, Joseph Albin, Foster Meek, John Kelley, Charles Stone, James DePoy and Floyd S. Miller, are not enjoined from seeking transfer of their children from the New Prairie United School Corporation to the La Porte Community School Corporation schools or from enrolling their children therein, pursuant to the provisions of any statutes applying thereto.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Cleta Bell, as Auditor of La Porte County, Indiana, and Eugene Beaver, as Treasurer of La Porte County, Indiana, be, and they are hereby, enjoined from ordering and paying out any sums received and collected as tax monies from said territories above described allocated for school purposes to the La Porte Community School Corporation."

The pleadings and evidence in the case at bar disclose these facts:

By Ordinance No. 1197, the Civil City of La Porte on June 26, 1965, annexed territory of approximately 1,098.9 acres. This acreage lay in Kankakee Township, La Porte County. By Ordinance No. 1175, said Civil City of La Porte annexed approximately 711 acres which also lay in Kankakee Township and said county. Approximately one year previous to these annexations, acting by virtue of authority of Ch. 202, Acts of 1959, as amended, § 28-6101, et seq. Burns' Stat., 1966

Supp., the appellee, New Prairie United School Corporation, had been reorganized, and this reorganization became effective on July 1, 1964.

Before its reorganization, the territory embracing the New Prairie School Corporation under the terms of the Acts of 1949, Ch. 226, § 12, et. seq., § 28-2442, et. seq., Burns' Stat. 1966 Cum. Supp., had been consolidated into a Metropolitan School District. This reorganization was perfected when the three school townships of Kankakee, Hudson and Wells of La Porte County, and Olive School Township, of St. Joseph County, on July 1, 1963, formed the New Prairie Metropolitan School Corporation. At a later date, January 1, 1964, Galena School Township, in La Porte County, by joint resolution, as authorized by statute, was joined to the consolidation. The record discloses that the total assessed valuation for the purpose of taxation of the New Prairie United School Corporation of La Porte and St. Joseph Counties as of July, for the collection of taxes of 1966, to be $22,352,530.00; that the estimated assessed valuation of the two (2) annexed areas, totaling approximately 1,700 acres, was $2,000,000.00. The annexed area had approximately seventy (70) children of school age.

By virtue of Ch. 202, Acts of 1959, as amended, *supra,* the community school corporation was organized, and began an effective school unit on July 1, 1964, by virtue of an election:

> ". . . which approved the La Porte County School re-organization committee plan which re-organized the School City of La Porte, Center School Township, Union School Township, Pleasant School Township, Scipio School Township, Lincoln School Township, and Washington School Township, all of La Porte County, Indiana into one unit." (Appellees' Brief p. 5).

In anticipating the enrollment of pupils for the 1965-66 school year, school officials of La Porte Community School Corporation began enrolling some children residing in the area

which was part of the territory of the New Prairie United School Corporation lying in Kankakee Township, and which had been annexed by the Civil City of La Porte. From this turn of events arose the question whether the territory annexed by the Civil City of La Porte became a part of the territory belonging to and a part of the La Porte Community Schools for the purpose of the education of the children residing in the said annexed territory.

In order to effect a determination of this question, New Prairie United School Corporation brought this action against the La Porte Community Schools, the school officials of said school unit, and, also, against Cleta Bell and Eugene Beaver, respectively, as Auditor and Treasurer of La Porte County. The appellants, as individuals, successfully petitioned the court to be made parties defendant. The court, upon a hearing of this action, found that La Porte Community Schools, and its officers, should be enjoined from enrolling any school children living in the area annexed by the School City as resident students of the La Porte Community Schools. The court further found that Cleta Bell and Eugene Beaver, respectively, as Auditor and Treasurer of La Porte County, should be enjoined from collecting or distributing monies to the La Porte Community Schools of the tax monies for school purposes collected in the annexed territory. The court also found that appellants were not enjoined from enrolling their children in the community schools, nor was the La Porte Community Schools enjoined from enrolling appellants' children as nonresident students.

Judgment consistent with these findings was entered as heretofore set out.

The appellee, the La Porte Community Schools, accepted the judgment of the court, and did not participate in this appeal.

Following the rulings on appellants' motion for a new trial, this appeal was taken.

Appellants assign as error that the court erred in overruling their motion for a new trial, and, also, that the court erred in overruling in part, their motion in part, to modify the judgment.

Specifications in the motion for a new trial:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law."

Under point 1, appellants and appellee argue the merits of appellees' thesis that:

"Appellants Have No Standing On Appeal In This Cause."

Appellee asserts that as a general rule an appellant cannot complain of a judgment not rendered against him. *Rich* v. *Fry* (1925), 196 Ind. 303, 146 N. E. 393; I.L.E. Vol. 2, *Appeals,* § 491, pp. 380 and 381.

Appellee further contends that following an adverse ruling of the trial court unfavorable to appellee, La Porte Community School Corporation and its officers, the ruling of the court was accepted by said school corporation and its officers. Thence appellants took over the control of the litigation. This control of the litigation was questioned by the appellee, inasmuch as it has been held that:

"A member of a class who is permitted to intervene in the action may not take over control of the litigation except where it is shown that the action is not being prosecuted to the best interests of those in whose behalf the action was instituted." I.L.E. Vol. 22, *Parties,* § 21, p. 400.

Appellants were attempting to dictate where their children were to be educated.

The trial court enjoined the appellee, the La Porte Community School Corporation and its school officials perpetually from enrolling resident school children within the boundaries of the New Prairie United School Corporation of La Porte

and St. Joseph Counties. This injunction was not directed to the appellants.

Appellants in their reply brief admitted that:

". . . Appellants are not enjoined from seeking transfers of their children to La Porte Community School Corporation Schools or from enrolling them pursuant to the provisions of any statutes applying thereto. The only way this ambiguous decree can be interpreted is by an inference that the appellants are also enjoined from attempting to enroll their children in the La Porte Community School Corporation schools as resident students."

It appears to us that considering the terms of the judgment decree, the court in precise words stated the law to be that school children of appellants could not in any case be considered as resident students of La Porte Community School Corporation, but could attend if enrolled by way of a transfer from other school units.

It appears the real matter in controversy in this appeal compels a consideration of construction of certain statutes pertaining to schools. The related school statutes that are discussed by both appellants and appellees are as follows:

Acts of 1957, Ch. 112 (§ 28-3727), Burns' Ind. Stat. Ann. 1966 Cum. Supp., as amended by Acts of 1959, Ch. 105, (§ 28-3731) apply to *"Allocation of Tax Money, and the Responsibility for the Education of School Children upon the Annexation of Territory of Cities and Towns."*

Acts of 1959, Ch. 89 (§ 28-3365) Burns' Ind. Stat. Ann. 1966 Cum. Supp., apply to *"The Acquisition of Territory by Civil Cities, School Cities, School Towns and by Other School Corporations."*

The Acts of 1959, Ch. 202, (§ 28-6101) Burns' Ind. Stat. Ann. 1966, Cum. Supp., relate to *"The School Corporation Reorganization Act of 1959."*

The Acts of 1963, Ch. 296 (§ 28-6201) Burns' Ind. Stat. Ann. 1966 Cum. Supp., concern: *"School Corporations; Establishing of School Corporation Boundaries; Extension of School Corporation Boundaries on Civil Annexation."*

Appellee, the New Prairie United School Corporation, contends that the Acts of 1957, Ch. 112, *supra,* is not applicable to

the problems rising in the case at bar. In support of this evaluation of said Ch. 112, as revealing legislative intent, Section 1 of said Act is cited, to wit:

"SECTION 1. As used in this act, the following terms shall have the following meanings:

"(a) 'City' or 'town' shall be a city or town which conducts its school as school city or school town or as part of a consolidated or metropolitan school corporation.

"(b) 'Annexing school corporation' shall be the school corporation of any city or town which annexes territory.

"(c) 'Original school corporation' shall be a school corporation from whom territory is annexed.

"(d) 'Annexed territory' shall be the territory annexed from an original school corporation by such city or town.

"(e) 'Tax receipts' shall be the amounts received from the tax levy for the tuition and special school funds by the original school corporation from the annexed territory."

Before this Act of 1957, Ch. 112, *supra,* was passed Acts of 1949, Ch. 226 (§ 28-2432f), and the Acts of 1947, Ch. 133 (§ 28-5901f) providing for the organization of Metropolitan and Consolidated School Corporations, respectively, were the only kind of schools not operated as school townships, school towns, or school cities.

The record discloses that the City of La Porte was not organized, and it did not operate its schools as a part of a Consolidated or a Metropolitan School Corporation at the time of the annexation of some territry in Kankakee Township within the school boundaries of appellee, New Prairie United School Corporation.

It was the contention of the appellants that since a number of school corporations were brought into a reorganized school unit, thence the consolidated district would fall within the category as defined in Sec. 1, of Ch. 112, heretofore reported.

According to the record, Ch. 112 of the Acts of 1957, *supra,* was amended by Ch. 105 of the Acts of 1959, and likewise by Ch. 202 of the Acts of 1959. This Ch. 202 in no manner redefined the terminology as set forth in Sec. 1 of Ch. 112 of the

Acts of 1957, by the insertion of the terms "United Schools" and "Community Schools" by way of definition.

We think appellant's position in this matter is not well taken. In the case of *Schwartzkopf* v. *State* (1965), 246 Ind. 201, 204 N. E. 2d 342, at p. 345, the court said:

"What, in effect, the appellants are asking us to do is read into the statute a requirement which simply is not there. This we can not do because it has been held on a number of occasions that the court will not add something to a statute when the Legislature has purposely omitted it. *Poyser* v. *Stangland* (1952), 230 Ind. 685, 106 N. E. 2d 390."

Again, Ch. 89 (§ 28-3365) Burns' 1966 Cum. Supp. Acts of 1959, deals with the subject of annexation. Even though this Act was passed by the same Legislature that enacted the Reorganization Statute designated as Ch. 202, *supra,* no reference was made to that statute in said Ch. 202, *supra.*

Quoting Section 3 (§ 28-3367) of said Act is pertinent to this opinion. It follows:

"SEC. 3. Whenever any civil city or town shall hereafter annex territory and the original school corporation at the time of annexation has an outstanding indebtedness, other than the indebtedness to be paid by the acquiring school corporation under Section 2 of this Act, the civil city or town shall assume and pay as the same shall become due, a portion of all installments of principal and interest which fall due on such indebtedness after the end of the last calendar year in which the original school corporation is entitled to receive current tax receipts from property tax levies on the property in the annexed territory. Such proportion shall be the same proportion as the valuation of the real property in the annexed territory bears to the valuation of all of the real property in the original school corporation, as the same is assessed for general taxation immediately prior to the annexation. Such payments shall be made to the original school corporation as agent for payment to the holders of the indebtedness."

From this quotation we conclude that it was the intent of the General Assembly that Ch. 89 aforesaid should apply to

all cases of a civil city in annexing territory, and the school possessed co-incident boundaries with the result that the reorganizing school was operated as a School City, or a School Town, as the case might be.

It becomes apparent that should this statute apply to the case at bar, the taxpayers of the City of La Porte must assume and pay the financial obligation of appellee, the New Prairie United School Corporation of La Porte and St. Joseph counties, as the statute provided, when in truth, the La Porte County School Corporation would be the real beneficiary thereof. Due to the fact that the School Corporation embraces a greater area than the Civil City of LaPorte's boundary, an inequality in taxation levied upon the citizens of the Civil City of La Porte, a situation would arise which would not prevail in respect to other citizens as taxpayers within the total School Corporation. Such an unfairness and inequality of the application of this statute would hardly be the intent of the Legislature.

By enactment of Ch. 202, The Acts of 1959, it appears that the Legislature concluded that laws existing at that time applied to establishing a proper and equalized system of schools, and hence Ch. 112 of the Acts of 1957, *supra,* failed to comply with the contentions in the case at bar. The legislative intent is thus expressed by enactment of Sec. 1, of said Ch. 202, to wit:

> "It is the sense of the Indiana General Assembly now assembled; That the establishment and maintenance of a general, uniform and efficient system of public schools is the traditional and current policy of the State of Indiana; that improvement in the organization of school corporations of the state will provide a more equalized educational opportunity for public school pupils, will achieve greater equity in school tax rates among the inhabitants of the various now existing school corporations, and will provide a more effective use of the public funds expended for the support of the public school system; that existing statutes with respect to the combination and the reorganization of school corporations are inadequate to effectuate the needed im-

provement; that modifications in the statutory provisions for the combination and the reorganization of school corporations provided in this Act are necessary in order to assure the future maintenance of a uniform and efficient system of public schools in the state, that local electors have an interest in the boundaries of the school corporation in which they reside and will exercise their privileges, as herein provided, to the end of establishing an efficient and economical reorganization plan best suited to local conditions; that the commission, committees, and the public officers charged with authority under this act will perform their duties wisely in view of the objective of this act as set forth in the title of this act."

Section 28-6115h of Burns' Ann. Stat. (1966 Cum. Supp.), in a drastic manner points to the case at bar, as set forth in Section 6, Division 3, which reads as follows:

"Since it is the purpose of this act to encourage the development of school corporations which are of sufficient size to provide adequate educational opportunities for the youth of this state and since further legislation may be required to accomplish this purpose, the state commission shall include in its biennial report to the Indiana general assembly a specific and detailed report of the progress made 'in the reorganization of school corporations following the enactment of this act."

As heretofore stated, Ch. 296 of the Acts of 1963, relates to the establishing of school corporation boundaries, extension of school corporation boundaries on civil annexation, and proceeded to state various definitions which were as follows:

"(a) 'School corporation' shall be any school corporation created pursuant to Chapter 202, Acts of 1959, as originally adopted or as from time to time amended, and shall also be any other school corporation established under any other act or acts of the State of Indiana, which school corporation has common boundaries with any school corporation or corporations formed pursuant to Chapter 202, Acts of 1959, as originally adopted or from time to time amended, but shall not include any public school corporation located in whole or any part in a county containing a civil city of the first class.

"(b)   'Annex,' 'annexing,' 'annexation' and 'school annexation' shall refer to any action whereby the boundaries of any school corporation are changed so that additional territory, constituting all or a part of any one or more other school corporations, is transferred to it.

"(c)   'Acquiring school corporation' shall be the school corporation which acquires territory as a result of annexation.

"(d)   'Losing school corporation' shall be any school corporation which loses territory to an acquiring school corporation by annexation.

"(e)   'Annexed territory' shall be the territory acquired by an acquiring school corporation as a result of annexation from a losing school corporation.

"(f)   'Reslution' of a school corporation shall refer to a resolution duly adopted by its governing body.

"SEC. 2.   'Authority to Annex'—Subject to the limitations and procedure set out in this act, any school corporation may annex territory from any other school corporation by resolution of the acquiring and losing school corporations as provided in Section 3."

Using these definitions, the legislature proceeded to set forth procedures to determine annexation of area or territory. Apparently the intent of the legislature in this specified act was to clarify and enlarge the scope of authority wherein existing statutes failed to provide, where a city annexes territory which was embraced within boundaries of a school corporation created by virtue of the Acts of 1959, Ch. 202, *supra,* and further perceived the necessity that in certain cases it might be beneficial to the school corporation organized under the act, and to the pupils of said corporation, to provide for a voluntary annexation or a disannexation of the area or territory which might be annexed by a civil city.

Were the Acts of 1957, Ch. 112, *supra,* an appropriate vehicle in the case at bar as asserted by appellants, we fail to see the necessity or practicality of the passage of Ch. 296, Acts of 1963, as providing for the annexation and disannexation of territory as contained therein.

It appears an attempt was made during the 1965 legislature session by the introduction of Senate Bill 406, to amend said Ch. 296, *supra*, whereby an additional remedy may be available for the purpose of annexation and disannexation as set up in the original act by authorizing 60% of the property owners to seek release from the annexation of their territory from and to the school corporations involved "on the failure of either corporation to take favorable action on the petition, the petitioners could go into court for judicial review of their request." (Appellees' brief, p. 18). This Senate Bill #406 failed to pass. Had this bill been enacted it would have attained the precise purpose that the intervening petitioners and defendants herein are seeking to accomplish.

Few cases have been decided in Indiana which have any substantial bearing on the case at bar. *The Ft. Wayne Community Schools* v. *State ex rel., etc.,* (1959) 240 Ind. 57, 159 N. E. 2d 708, cited by appellants is hardly a case in point, inasmuch as the statutes in effect at the time this case arose were the same as applicable statutes in the case at bar. In this case, the Supreme Court held that for school purposes the area or territory annexed by the civil city of Fort Wayne, as in an annexation proceedings, continued and remained subject to the jurisdiction of the appellee, New Haven Public Schools, and did not, by reason of civil annexation, come within the jurisdiction of the Fort Wayne School systems. In this opinion, the Supreme Court, at p. 64, quoted a trend and philosophy pertinent to educational needs in these words:

"The day of the one room school house is gone, and with each passing year come greater demands for better school facilities and instruction. The situation has not been relaxed with the advent of "sputnik" and the space age. To meet the financial burden imposed by the requirement of better schools in rural and urban areas, the legislature has found it necessary to enlarge the tax base supporting the local school unit. This has necessitated getting away from the identification of school districts with the boundaries of civil units, and the many attempts of the General Assembly

to deal with school consolidation in the past 40 years are but expressions of the legislative intent in this direction."

We are also bound by the principle that only the General Assembly specifies certain factors or matters in a statute, that by implication other factors or things not so specified, are excluded.

Ch. 112 of the Acts of 1957, *supra*, sets forth a number of kinds of schools to which this act applies, specified therein as "school city" and "school town," or as a part of a consolidated or metropolitan school corporation. We think the failure of the General Assembly to incorporate the class "community schools" by amending Ch. 112 during subsequent sessions in 1959, 1961, 1963, and 1965, is evident that said Ch. 112, Acts of 1959, should have no application to schools that may have been organized under the Acts of 1959, Ch. 202, *supra*.

It was contended by appellants that an injunction sought by appellees should not have been issued, and suggested that an adequate remedy at law was available. Inasmuch as appellants posed no objection at trial level, we are constrained to pursue that issue no further. A conclusion of this opinion seems to justify some consideration of the matters involved.

We think the purpose of the school reorganization act of 1959 in carrying out the legislative intent, was to consolidate schools to broaden the tax base and bring about more equitable and uniform educational advantages for the entire school population.

It thus appears that this was the dominant motive when involved schools in the case at bar were established.

According to the facts, the appellee, the New Prairie United School Corporation of La Porte and St. Joseph counties, is made up of five (5) former school townships with an aggregate assessment valuation base of $22,352,530.00 while the

estimated assessed valuation for tax purposes of the area annexed by the civil city of La Porte, is approximately $2,000,-000.00. This would constitute a great loss as a part of appellees' tax base, were appellants' use of the statute approved. The area embraced in the annexed territory is approximately 1900 acres, and the student population of school age is about seventy [70]. This would result in a great advantage to the La Porte Community School Corporation.

Hence, the injunction relief granted appellee stayed proceedings and prevented an uncertainty that would have arisen were an attempt made to seek relief by a remedy at law.

Appellants allege that it was not proper for the trial court to enjoin the Auditor and Treasurer of La Porte County, inasmuch as no evidence was introduced that they intended to collect tax money from the annexed territory and to pay the same over to the La Porte Community Schools. We think no answer to this is needed because it appears that if Chapter 112, Acts of 1957, *supra*, were not applicable to the case at bar and the Auditor and Treasurer believed it was as the other appellees did, it would be assumed and inferred that the Auditor and Treasurer would follow the law as stated and imposed upon them in Section 3 of said Acts of 1957, Ch. 112, *supra*.

We fail to grasp the argument of appellants in charging error by the trial court in refusing to modify an injunction relative to the enrollment of appellants' children in the La Porte Community Schools.

Appellants were not enjoined from enrolling their student-children in the La Porte Community Schools. Their complaint that the court's decree was too indefinite inasmuch as the court failed to cite specific statutes relative to such enrollment, appears to us to lack substance.

The case of *Barth* v. *Pittsburgh, etc., R. Co.* (1911), 175 Ind. 554, 93 N. E. 535, cited by appellants in their brief, can give them little comfort, since in that case the injunction granted appellant prevented violating of an agreement en-

tered into with the appellee. The high court reversed, holding that the trial court had entered a decree too general and too extensive because the controversy involved was the right of the appellant to perform certain functions, chief of which was to summarily remove appellees' railroad tracks. We think this case is not in point with the case at bar.

In light of the foregoing conclusions, we are of the opinion that the trial court committed no reversible error, and that the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff, P. J., Cook, Carson, Faulconer, and Prime, JJ., concur.

Cooper, C. J., and Smith, J., not participating.

NOTE.—Reported in 224 N. E. 2d 327.