LAWRENCE *v.* CAIN, D/B/A LAWRENCE KREHE STUDIO.

[No. 368A39. Filed March 24, 1969. No petition for rehearing filed.]

*Dane E. Mann*, Marion, for appellant.

*Frank J. Biddinger*, Biddinger and Johnson, Marion, for appellee.

LOWDERMILK, P. J.—This was an action by the plaintiff-appellee against the defendant-appellant on a contract for the purchase of a photography studio from the appellant, with a covenant that the appellant would not compete with the studio sold appellee in Grant County, Indiana, nor permit the use of the name of "Lawrence-Krehe Studio" by any other person, persons, association, corporation or partnership in

Grant County, Indiana. This agreement was supplemented by two additional agreements between the parties, the second of which stipulated that the appellee agreed she would not compete with the appellant for the school photography work in any school in Grant County, Indiana, with the exception of Marion High School and Bennett High School.

The appellee's amended complaint prayed that appellant be enjoined from doing business in Grant County, Indiana, and from soliciting business from persons living or residing in Grant County, Indiana, or from persons going to school in Grant County, Indiana, "including the development of pictures, taking of pictures and particularly supplying pictures to be used in any yearbook of the Marion Community School System, for damages in the sum of Ten Thousand Dollars ($10,000.00) and for all other proper relief in the premises."

To the appellee's amended complaint the appellant filed a first paragraph of answer in compliance with Rule 1-3 of the Supreme Court of Indiana and a second paragraph of answer in which the appellant alleges appellee breached her contract with him, and has sold or attempted to sell pictures and photographs to schools and individuals therein who were specifically excluded from the contract. No reply was filed to the second affirmative paragraph of answer.

Trial was had by the court without the intervention of a jury, at the conclusion of which the court entered its finding and judgment, wherein the court found that the appellee is entitled to an injunction against the appellant and the appellant is,

". . . permanently enjoined froam doing photography work in Grant County, Indiana, from operating or being a part of a photography studio in Grant County, Indiana, and from soliciting business from persons living and residing in Grant County, Indiana, from being connected with or operating any type of photography business in Grant County, Indiana, including the development of pictures, taking of pictures and from supplying pictures to be used in any yearbook of the Marion Community School System;"

By the same entry, following the finding of fact, the court entered the following judgment:

"IT IS FURTHER ORDERED AND DECREED BY THE COURT that the Plaintiff is entitled to recover from the Defendant and the Defendant is ordered to pay to the plaintiff the sum of One Thousand Seven Hundred Twenty-seven Dollars and Fifty Cents ($1,727.50) in damages.

Costs against the Defendant. Judgment on the finding."

which was duly signed by the judge of the Grant Circuit Court.

The judgment rendered by the trial court is not in the usual form and appellant's attorney did not file a motion to modify the judgment. However, this court desires to pass on the merits of the case rather than dispose of the same on mere technicalities. This court has carefully reviewed the trial court's entry and finds an adequate showing that it determined the rights of the parties to an action and did show, in intelligible language, the relief granted and is, therefore, a final judgment from which an appeal will lie. *Shafer v. Shafer* (1941), 219 Ind. 97, 37 N. E. 2d 69.

It is further the law in Indiana that when the appellant fails to file a motion to modify the judgment and where a part of the judgment is valid, the judgment will stand, unless proper steps have been taken by objection presented to the trial court to secure modification of that judgment. The remedy against an erroneous judgment is a motion to modify the judgment and not a motion for a new trial. *Smith v. Hill* (1929), 200 Ind. 616, 165 N. E. 911.

In appellant's motion for a new trial he sets forth three specifications. (1) That there was error in the assessment in the amount of recovery, for it is too large; (2) that the finding of the court is contrary to law, and (3) the finding of the court is not sustained by sufficient evidence.

The facts as disclosed by the evidence, briefly stated, are as follows.

On May 13, 1965, appellee purchased from the appellant the Lawrence-Krehe Studio of Marion, Indiana, by written agreement for the sum of $5,500, with certain covenants to be observed by each of the parties. On the same date supplement number one was made to the agreement and on May 17, 1965, the parties entered into the second supplementary agreement. During the latter part of July or the first of August of 1965, appellee, intending to be gone and to not use her studio, permitted appellant to use the same to photograph students from Mississinewa High School; appellant did so use the studio and after photographing the students, sent proofs to the students in printed envelopes bearing the name of "Lawrence-Krehe Studio", together with statements with the heading of "Lawrence-Krehe Studio" printed thereon.

Thereafter appellee photographed Marion College students, in the latter part of 1965.

In the summer of 1966 a dispute arose between the parties which was followed by a heated argument, in which appellee made the statement to the appellant that the contract was not worth the paper it was written upon and she intended to compete with him in any school she wanted to. (The record is silent as to the reasons for the heated argument.)

Appellant charges the appellee first breached the contract and thereby gave him the right to treat the contract as breached.

This contention is untenable for the reason that the undisputed evidence discloses that appellant first breached the contract by using envelopes and letterheads with the following words printed thereon: "Lawrence-Krehe Studio", contrary to the agreement, as supplemented.

Appellee complains that appellant breached the contract by certain acts. In turn, appellant admits he did do acts that

breached the contract and sets up as a defense that appellee had previously breached the contract by photographing students of Marion College.

To the charge of breaching the contract by photographing students from Marion College, the appellee contends that the college was not a "school" within the meaning of the contract. This defense of appellee is denied by appellant in his brief, wherein he contends Marion College is a "school" within the meaning and terms of the contract.

"A written instrument should ordinarily be interpreted to mean what on its face it purports to mean, unless some good reason can be assigned to show that the words used can be understood in a different sense. Words are to receive their plain and literal meaning, even though the intention of the party drawing the contract may have been different from that expressed. In the instant case, while the parties contend that there is doubt as to their intention, nevertheless, language in its simplest form was employed to express what they intended." *The Illinois Pipe Line Co. v. Brosius* (1939), 106 Ind. App. 390, 20 N. E. 2d 195.

In appellant's brief he cites Webster's New Collegiate Dictionary as listing nine definitions of the word, any one of which would include "college", but he failed to set out the definitions. With this contention we must disagree, as the word "school" by common usage, is considered local school corporations and does not generally include higher seats of learning which are usually referred to as colleges or universities.

"The word 'school' is a generic term, denoting an institution or place for instruction or education, or the collective body of instructors and pupils in any such place or institution. In the ordinary acceptation of its meaning, a school is a place where instruction is imparted to the young. It is an institution of learning of a lower grade, below a college or a university; a place of primary instruction." 11 I. L. E., *Education*, § 1 p. 74.

We are, therefore, constrained to hold that the parties intended by this contract to limit the term "schools" to local schools of an educational level below that of a college or university and therefore appellee did not breach her part of the agreement by photographing students from Marion College.

Appellant further contends that appellee breached the contract by her statement in a heated discussion between the parties, wherein the appellee allegedly said that the contract was not worth the paper it was written on and that she intended to compete with him in any school she wanted to. The question of whether the language as used by the appellee constituted a breach of the contract need not be herein decided for the reason that the appellant had previously breached the contract as heretofore stated in this opinion.

> "As a rule, a party first guilty of a substantial or material breach of contract cannot complain if the other party thereafter refuses to perform . . . where a contract is not performed the party who is guilty of the first breach is generally the one upon whom rests all the liability for the nonperformance. . . . A party who has himself been guilty of the first substantial breach of contract cannot rescind the contract because of the subsequent refusal or failure by the other party to perform." 17 Am. Jur. 2d, *Contracts*, § 365, p. 807.

The part of the decree, however, enjoining appellant from doing any photography work in Grant County, Indiana, from being connected with or operating any type of photography business in Grant County, Indiana, and from soliciting, including the development of pictures, taking of pictures and from supplying pictures to be used in any yearbook of the Marion Community School System is too broad and omits the right of the appellant under the contract, as supplemented, to the school photography work in any school in Grant County, Indiana, with the exception of Marion High School and Bennett High School, where he may compete with appellee for same.

"While the injunctive relief granted by the decree may and should be coextensive with the danger sought to be avoided by it, and afford the relief to which the person in whose favor it is granted is entitled, the restraint imposed by the decree should not be more extensive than is reasonably required to protect the interests of the party in whose favor it is granted." 16 I. L. E., *Injunction*, § 125, pp. 100-101. See also: *Janalene, Inc. v. Burnett* (1942), 220 Ind. 253, 41 N. E. 2d 942; *Barth v. Pittsburgh, etc. R. Co.* (1911), 175 Ind. 554, 93 N. E. 535.

The supplemental contract of May 17, 1965, stipulates exclusive rights of appellant for certain school work and, in fact, the only school work in Grant County, Indiana, the appellee could claim was the right to compete for photography work with appellant in Marion High School and Bennett High School. Appellee also had the right to do photography work in Marion College, as hereinabove determined by this court.

By the terms of the original contract between the parties appellant agreed not to compete in Grant County with the Lawrence-Krehe Studio sold to appellee. By the supplemental agreement of May 17, 1965, appellee, by implication, modified the agreement, which modification necessarily permitted appellant to develop photographs and to have a studio in Grant County for the purpose of photography work in Grant County schools. Any terms which may be fairly implied from the contract must be construed as if those terms had been expressly written therein. *Mouch v. Indiana Rolling Mill Co.* (1931), 93 Ind. App. 540, 151 N. E. 137; *Luther v. Bash* (1916), 61 Ind. App. 535, 112 N. E. 110.

As the judgment stands, it is a sweeping decree generally commanding appellant to refrain from doing any photography work in Grant County, Indiana, and which far exceeds the terms of the agreement, as supplemented, between the parties.

Appellant next contends that the damages assessed against him for breach of contract not to compete are excessive in

that there is no evidence that appellee suffered a loss from appellant's breach of this agreement.

Appellee testified as to her gross income from the date of the purchase of the studio on May 13, 1965, to date of trial. Her gross sales for the last seven months of 1965 were $21,139.84; the gross sales for 1966 were $28,058.64; the gross sales for the first five months of 1967 were $8,646.37. The evidence was further that the photography business was seasonal and that the last six months of the year had the largest gross income. There were also other competitors in town; some being established studios and others transient photographers.

In the case of *Gewartowski v. Tomal et al.* (1955), 125 Ind. App. 481, 123 N. E. 2d 580, this court appropriately stated:

"In our opinion it was also incumbent upon appellant to show that the good will of the business had been impaired or destroyed, or that there had been a loss in the value of the property, or a loss of profits by reason of appellees' breach of the contract. . . . While it is true that in cases of this kind the amount of damages is generally not susceptible of exact measurement. . ., the jury must have some evidence as to damages sustained. *In other words, an award of damages cannot be based on mere speculation or on conjecture.*" (Our emphasis.) See also: *Irving et al v. Ort et al.* (1958), 128 Ind. App. 225, 146 N. E. 2d 107; *Lowe v. Turpie et al.* (1897), 147 Ind. 652, 44 N. E. 25, 47 N. E. 150.

Appellee did not show her damages on a net income basis; no comparison was made as to the business done in prior years by the appellant before he sold the studio and business to appellee and much of the question of damages was left to the imagination of the trial court.

Under these circumstances we are constrained to hold that there was a complete failure of the appellee to prove damages and that the decision of the court on this issue is not sustained by sufficient evidence.

The judgment is reversed with instruction to the court below to restate its general finding of facts to conform to the evidence and the opinion of this court, and to modify the decree to conform to such findings.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 245 N. E. 2d 663.