## "Nonpublic School" Defined

PACKEL, Attorney General, April 30, 1974.—Acts Nos. 9 and 10 of 1974, Act of February 1, 1974, P. L. 18, effective February 1, 1974, amended the Fuel Use Tax Act of January 14, 1952, P. L. 1965, 72 PS §2614.1, and the Liquid Fuels Tax Act of May 21, 1931, P. L. 149, 72 PS §2611a, et seq., respectively, by granting an exemption from these taxes, inter alia, to "nonpublic schools not operated for profit." As a result of these amendments, you have asked our office to define and construe the terms "nonpublic school" and "not operated for profit," as applied to the above-mentioned acts.

I

A "nonpublic school" or "private school" has been defined as:

"One maintained by private individuals or corporations not at public expense, and open only to pupils selected and admitted by the proprietors or governors,

or to pupils of a certain class or possessing certain qualifications, (racial, religious, or otherwise) and generally supported, in part at least, by tuition fees or charges": Black's Law Dictionary, 1512 (Rev. 4th Ed., 1968.)

A "public school," on the other hand, has been defined as a school established and maintained at public expense and comprising the elementary grades and, when established, the grades of high school: Rankin v. Love, 125 Mont. 184, 232 P. 2d 998 (1951). That case implies that a private school would be one *not* maintained at public expense; therefore, the definition would be consistent with that quoted from Black's Law Dictionary.

The word "school" itself has been defined as:

"[A] generic term, denoting an institution or place for instruction or education, or the collective body of instructors and pupils in any such place or institution. In the ordinary acceptation of its meaning, a school is a place where instruction is imparted to the young. It is an institution of learning of a lower grade, below a college or a university; a place of primary instruction": Lawrence v. Cain, 144 Ind. App. 210, 245 N. E. 2d 663 (1969.)

These definitions indicate that institutions of higher learning are not generally included in the definition of school.

In addition, our own General Assembly has twice had recent occasion to define the term "nonpublic school." Both the Nonpublic Elementary and Secondary Education Act of June 19, 1968, P. L. 232, 24 PS §5601, et seq., and the Parent Reimbursement Act for Nonpublic Education of August 27, 1971, P. L. 358, 24 PS §5702, defined "nonpublic school" as:

"[A]ny school, other than a public school within the Commonwealth of Pennsylvania, wherein a resi-

dent of the Commonwealth may legally fulfill the compulsory school attendance requirements of law": 24 PS §5603(4), 24 PS §5703.

Although both these acts have been declared unconstitutional by the United States Supreme Court as contrary to the religion clauses of the first amendment, Lemon v. Kurtzman, 403 U.S. 602, 91 S. Ct. 2105, 29 L. Ed. 2d 745 (1971); Lemon v. Sloan, 413 U.S. 825, 93 S. Ct. 2982, 37 L. Ed. 2d 939 (1973), the definition of "nonpublic school" was in no way affected by those cases. Since the General Assembly has twice in recent years defined "nonpublic schools," we are of the opinion that it is the best definition of "nonpublic school" in Pennsylvania, notwithstanding the fact that the acts have been declared unconstitutional for other reasons.[1] As it is not necessary to attend college to "fulfill the compulsory school attendance requirements of law" and since the other cases we have cited define "school" to exclude institutions of higher education, in our opinion, the nonpublic school exemption of the Fuel Use Tax and the Liquid Fuels Tax would not be applicable to colleges and universities.

II

The Corporation Not-for-profit Code of November 15, 1972, sec. 7101, 15 Pa. S. §7101, et seq., defined "nonprofit corporation" as "a domestic corporation not-for-profit incorporated under Article B of this part": 15 Pa. S. §7103. Article B, known as the Nonprofit Corporation Law of November 15, 1972, sec. 7301,

---

[1] Act 194 of 1972 which concerns auxiliary services to non-public school children and Act 195 of 1972 which concerns the loan of books and equipment to non-public school children both contain a similar definition of non-public school. Neither of these acts has been tested as to their constitutionality.

15 Pa. S. §7301, provides in part that the articles of incorporation must contain the following:

"A statement that the corporation is one which does not contemplate pecuniary gain or profit, incidental or otherwise": 15 Pa. S. §7316.

It is this provision which distinguishes a corporation not operated for profit from one that is operated for profit.

Two other provisions of the "Corporation Not-for-profit Code" help clarify exactly what is intended by the words "not operated for profit."

"All such incidental profits [of a nonprofit corporation] shall be applied to the maintenance and operation of the lawful activities of the corporation, and in no case shall be divided or distributed in any manner whatsoever among the members, directors, or officers of the corporation": 15 Pa. S. §7546.

"A nonprofit corporation shall not pay dividends or distribute any part of its income or profits to its members, directors, or officers": 15 Pa. S. §7553(a).

It is clear from the provisions quoted above, that any profits a nonprofit corporation makes, cannot be distributed to its shareholders, members, directors or officers. This basic theory of Nonprofit Corporation Law would seem to be applicable to any kind of entity not operated for profit. Thus, a school not operated for profit would be one in which there is no contemplation of pecuniary gain or profit, one which does not pay dividends or distribute any of its income to its owners, officers or directors and one in which any incidental profits are not distributed to its owners. By the same token any school "not operated for profit" and not incorporated under the "Corporation Not-for-profit Code" may still fall within the exemption provided by Acts Nos. 9 and 10 of 1974 if it meets the requirements set forth above. The General Assembly has not defined

"not operated for profit" except as provided above and it is our opinion that this definition should be applied to the acts in question.

In conclusion, it is our opinion, and you are accordingly advised, that for purposes of Acts Nos. 9 and 10 of 1974, a "nonpublic school" is any school other than a public school within the Commonwealth of Pennsylvania wherein a resident of the Commonwealth may legally fulfill the compulsory school attendance requirements of Pennsylvania law. A "nonpublic school not operated for profit" is a nonpublic school which does not contemplate pecuniary gain or profit, incidental or otherwise.