**Luke A. PRIDGEON, Appellant (Defendant),**

**v.**

**STATE of Indiana, Appellee (Plaintiff).**

**No. 18A02–9010–CR–646.**

Court of Appeals of Indiana,
Second District.

April 15, 1991.

Transfer Denied June 18, 1991.

### CASE SUMMARY

Appellant–Defendant, Luke A. Pridgeon (Pridgeon), appeals his conviction for dealing in marijuana,[1] a class C felony, claiming that the sale of marijuana on the Ball State University campus did not constitute marijuana dealing "in or on school property" within the meaning of IC 35–48–4–10(b)(2)(B).

We reverse with instructions that the judgment of conviction be entered as a class A misdemeanor.

### FACTS

On October 19, 1988, Pridgeon, a Ball State University student, sold 7.4 grams of marijuana to police officer Linda Huhnke (Huhnke), from his campus dormitory

---

1. Ind.Code 35–48–4–10(b)(2)(B) (1988).

room. One week later, Pridgeon sold 6.5 grams of marijuana to Huhnke from the same location.

Pridgeon was charged with two counts of dealing in marijuana on school property. Prior to trial, the court denied Pridgeon's motion to dismiss, which alleged that the drug sales did not occur on "school property." Pridgeon was found guilty on both counts, as the trial court determined that his dormitory room was located on school property.

## ISSUES

■ The only issue before us is whether Pridgeon was improperly convicted for dealing in marijuana on "school property" as proscribed by IC 35–48–4–10(b)(2)(B).

## DECISION

PARTIES' CONTENTIONS—Pridgeon maintains that his convictions entered as class C felonies may not stand because a college dormitory room is not "school property" within the meaning of IC 35–48–4–10(b)(2)(B). The State responds that the convictions may stand because Ball State University is a corporate body and is encompassed within the general definition of "school."

CONCLUSION—Pridgeon was improperly convicted of two class C felonies for selling marijuana from his dormitory room because this is not school property within the meaning of IC 35–48–4–10(b)(2)(B).

This appeal presents a novel question in Indiana, and we begin with IC 35–48–4–10(b)(2)(B) which provides in relevant part:

"(a) A person who:

(1) knowingly or intentionally manufactures or delivers marijuana ... pure or adulterated; or

(2) possesses, with intent to manufacture or deliver, marijuana ... pure or adulterated; commits dealing in marijuana ... a Class A misdemeanor, except as provided in subsection (b).

(b) *The offense is:*

.    .    .    .    .

(2) *a Class C felony if:*

.    .    .    .    .

(B) *the person delivered marijuana ... in or on school property or within one thousand (1,000) feet of school property or on a school bus."*

(Emphasis supplied) [hereinafter referred to as the marijuana statute]. "School property" has been defined as: "(1) A building or other structure owned or rented by: (a) a *school corporation,"* and "[includes the adjacent grounds that are rented or owned in common with the building]...." Ind. Code 35–41–1–24.7 (1988) (emphasis supplied). Thus, says the State, the language of Ind.Code 20–12–57–1 (1988), which establishes the Ball State University board of trustees as "a body corporate," implies that the university is a "school" subject to the provisions of the marijuana dealing statute, thereby making it a class C felony to deal marijuana from a dormitory room.

■ Over and again, our courts have strictly construed criminal statutes defining offenses to avoid the creation of penalties by construction. *State v. Keihn* (1989), Ind., 542 N.E.2d 963; *Bond v. State* (1987), Ind., 515 N.E.2d 856. Criminal statutes must be strictly construed against the State, and they may not be enlarged beyond the fair meaning of the language used. *Bond, supra.*

Although the word "school" has numerous meanings, this court excluded colleges and universities from the "common usage" of this term in *Lawrence v. Cain* (1969), 144 Ind.App. 210, 245 N.E.2d 663. In *Lawrence,* the plaintiff sought to prevent the defendant from taking school pictures in accordance with a contract containing a covenant not to compete. The defendant was photographing Marion College students, and he argued that the word "school" did not include colleges and universities. This court agreed, and observed that:

"[T]he word 'school' by common usage, is considered local school corporations and does not generally include higher seats of learning which are usually referred to as colleges or universities....

In the ordinary acceptation [sic] of its meaning, a school is a place where instruction is imparted to the young. It is an institution of learning of a lower grade, below a college or a university; a place of primary instruction."

*Id.* at 216, 245 N.E.2d at 666; *see also Pike v. State Bd. of Land Comm'rs* (1911), 19 Idaho 268, 113 P. 447; *Cadet–Ettes Corp. v. Brown* (1980), 62 Ohio App.2d 187, 406 N.E.2d 538.

As there are no Indiana Supreme Court cases on point, we should follow *Lawrence* unless there is some compelling reason not to do so. The rationale of that case is that as common usage differentiates between schools and colleges or universities, the marijuana statute (IC 35–48–4–10(b)(2)(B) should be strictly construed. The words "school property" do not include a college or university.

■ This interpretation is enhanced by other words in the marijuana statute indicative of legislative intent. The offense is a class C felony if the marijuana is manufactured or delivered on a school bus. A "school bus" has been defined as a motor vehicle used for the transportation of Indiana school children, and "school children" means "any children enrolled in public or private schools at any level *between kindergarten and grade twelve.*" Ind. Code 35–41–1–24.3; Ind.Code 20–9.1–1–4 (emphasis supplied). The legislative definition of certain words in one statute, although not conclusive, is entitled to consideration in construing the same words in another statute. *State v. Turner* (1991), Ind., 567 N.E.2d 783; *Ralston v. Ryan* (1940), 217 Ind. 482, 29 N.E.2d 202.

In construing the marijuana statute with the above definitions, the legislature's decision to enhance the offense of manufacturing or delivering marijuana to a class C felony, is to afford special protection to children from the perils of drug trafficking, and to provide harsher penalties for those culprits determined to peddle drugs on or near school property. *See* IC 35–48–4–10. Thus, the inclusion of a college or university within the marijuana statute would re-

sult in a broader interpretation than intended by the legislature.

For these reasons, Pridgeon's conviction must be reversed, and the cause is remanded with instructions that judgment be entered as a class A misdemeanor.

Reversed.

SULLIVAN and STATON, JJ., concur.