Kevin J. BOND, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49AO2–8608–CR–293.

Court of Appeals of Indiana,
Second District.

April 21, 1987.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Kevin Bond appeals his conviction of attempted child molesting, a class D felony.[1] Bond asserts the evidence was insufficient to sustain his conviction.

We affirm.

The undisputed evidence is D.N., a twelve (12) year old female, was walking to a nearby store when Bond, standing in the door of his residence attracted her attention by going "Psst! Psst!" Record at 56. Bond was not wearing any pants and was "playing with hisself." Record at 55. D.N. continued to the store and reported the incident. She returned home by a different route only to observe Bond behind her. At this time, Bond wore a coat but "he didn't have anything on that [she] saw below the waist." Record at 57. D.N. ran to John's house with Bond running behind. Bond stopped when she stopped. When John opened his door, Bond ran.

■ Bond asserts the evidence is insufficient to show he committed a substantial step toward fondling or touching D.N. or submitting to fondling or touching by D.N.

Contrary to Bond's assumption, the pertinent statutory definition of child molesting does not require the fondling or touching occur between the perpetrator and the victim. The statutory elements are satisfied

1. Ind.Code Ann. §§ 35–41–5–1 and 35–42–4–3(d)   (Burns Repl.1985).

by the conduct of fondling or touching one's self if the act occurs with the requisite intent and while with a child. Indiana Code Ann. § 35–42–4–3(d) (Burns Repl. 1985) reads:

> "A person sixteen [16] years of age, or older who, with a child twelve [12] years of age or older but under sixteen [16] years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class D felony."

Thus, according to the plain language of the statute, a person sixteen or older commits subsection (d) child molesting when the person "with a child twelve ... or older but under sixteen ... performs ... any touching ... of [himself] with intent to arouse or to satisfy the [person's] sexual desires." *Id.* Otherwise stated, child molesting by touching or fondling one's self occurs when a person sixteen or older, with an appropriately aged child, fondles or touches himself with the intent to arouse or satisfy his sexual desires.

■ Most commonly, the conduct proscribed by subsection (d) involves conduct occurring on another or performed by another and, in that sense, the person is "with a child." However, where the person fondles or touches himself, the phrase "with a child" necessarily has a different meaning. The person who fondles or touches himself does so "with a child" if the person uses the child's presence as an aid to the arousal or satisfaction of sexual desires. In other words, "with a child" describes the child as an instrumentality of arousal or satisfaction.

Here, Bond is charged with attempted subsection (d) child molesting. Hence, the State had the burden of proving, beyond a reasonable doubt, Bond attempted, with an appropriately aged child, to fondle or touch himself with the intent to arouse or satisfy his sexual desires. A person attempts to commit a crime when, acting with the cul-

pability required for the commission of the crime, he takes a substantial step towards committing the crime. Ind.Code Ann. § 35–41–5–1 (Burns Repl.1985). "What constitutes a substantial step must be determined from all the circumstances of each case, and the conduct must be strongly corroborative of the firmness of the defendant's criminal intent." *Harris v. State* (1981), Ind., 425 N.E.2d 112, 116, (quoting *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507, 510).

■ Certainly the evidence Bond "played with hisself" at the time he sought D.N.'s attention by going "Psst! Psst!" and followed her to and from the store reasonably supports the fact finder's determination Bond performed a substantial step towards committing child molesting by fondling or touching himself, with an appropriately aged child, with the intent to arouse or satisfy his sexual desires.[2]

Judgment affirmed.

BUCHANAN, J., concurs.

MILLER, J., concurs in result.

---

**2.** Although not an issue, we note the nature of the touching reasonably supports the inference the touching was performed with the intent to arouse or satisfy sexual desires. *Hammond v. State* (1985), Ind.App., 479 N.E.2d 629.