Kevin J. BOND, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S02–8711–CR–1098.

Supreme Court of Indiana.

Nov. 25, 1987.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Kevin Bond was convicted of attempted child molesting, a class D felony. Ind.Code §§ 35–41–5–1 and 35–42–4–3(d) (Burns Repl.1985). The Court of Appeals affirmed his conviction. *Bond v. State* (1987), Ind.App., 506 N.E.2d 491. We grant transfer and affirm on different grounds.

The evidence at trial indicated that twelve-year-old D.N. was walking from her home to a grocery in Indianapolis when she saw an adult male, Bond, coming down the street. He stood in a doorway, making the noise, "Psst! Psst!" Unclothed below the waist, he was playing with his genitals. She walked on past, but was sufficiently concerned that she decided to take a different route home.

On the way home, she noticed that Bond was following her, still pantless but wearing a coat. She started to run, and he chased her. D.N. ran to the home of a friend and entered the porch. Bond stopped. D.N.'s friend came to the door, and Bond kept on running.

The question on appeal is whether this evidence is sufficient to sustain a conviction for attempted child molesting. The substantive crime is defined as follows:

A person sixteen (16) year of age, or older, who, with a child of twelve (12) years of age or older, but under sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the other person, with intent to arouse or satisfy the sexual desires of either the child or the older person, commits child molesting, a Class D felony.

Ind.Code § 35–42–4–3(d).

Bond argues the evidence does not indicate that he intended to fondle D.N. or have her fondle him. He further asserts that nothing in his actions constituted a substantial step toward doing so. The Court of Appeals held that an adult commits child molesting when he fondles or touches himself "with a child" if the person "uses the child's presence as an aid to the arousal or satisfaction of sexual desires." *Bond*, 506 N.E.2d at 492. If this is true, Bond did not attempt child molesting; he committed it.

The facts of this case suggest a useful comparison with the definition of public indecency: "A person who, knowingly or intentionally, in a public place ... [f]ondles the genitals of himself or another person ... commits public indecency, a class A misdemeanor." Ind.Code § 35–45–4–1(a).

The general rule of construction regarding criminal statutes is that they

must be strictly construed against the State. They may not be enlarged beyond the fair meaning of the language used and may not be held to include offenses other than those clearly defined. *McGraw v. State* (1985), 480 N.E.2d 552. In effect, the Court of Appeals has read the minimal requirements for child molesting as constituting the same offense as public indecency except that it becomes a class D felony when committed in the presence of a child. We conclude instead that the child molesting statute contemplates physical contact between adult and child.

This conclusion is unavailing to Bond. The jury was entitled to find that a man who exposes himself to a child and chases her down the street intended to touch her and that his general objective was his own sexual satisfaction.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.