In the

# United States Court of Appeals

### For the Seventh Circuit

No. 18-2742

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARIN KAUFMANN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 15-cr-59 — **Theresa L. Springmann**, *Chief Judge.*

ARGUED SEPTEMBER 6, 2019 — DECIDED OCTOBER 9, 2019

Before EASTERBROOK, KANNE, and BRENNAN, *Circuit Judges*.

KANNE, *Circuit Judge*. For certain federal crimes involving sexual exploitation of minors, a federal statute— 18 U.S.C. § 2252(b)—increases the mandatory minimum sentence when the defendant has a prior conviction "under the laws of any State relating to," among other things, "possession … of child pornography." Darin Kaufmann pled guilty to two federal crimes involving sexual exploitation of a minor.

The district court imposed an enhanced mandatory minimum sentence under § 2252(b) because Kaufmann has prior convictions for possession of child pornography under an Indiana statute. Kaufmann challenged his sentence, arguing that his prior state convictions do not support a § 2252(b) enhancement because the Indiana statute of his convictions criminalized conduct broader than the federal version of possession of child pornography.

In *United States v. Kraemer*, we held that a § 2252(b) enhancement does not require the state statute of conviction to be the same as or narrower than the analogous federal law. 933 F.3d 675 (7th Cir. 2019). Rather, the words "relating to" in § 2252(b) expand the range of enhancement-triggering convictions. *Id.* at 679–83. Under *Kraemer*, Kaufmann's Indiana convictions are ones "relating to … possession … of child pornography" and thus support the mandatory minimum enhancement. Adhering to our decision in *Kraemer*, we affirm Kaufmann's sentence.

## I. BACKGROUND

Kaufmann arranged to care for an elderly man in exchange for room and board. The living arrangement ended when police arrested Kaufmann for stealing money from the man. As the man's family packed Kaufmann's belongings, they discovered child pornography. A grand jury indicted Kaufmann on charges of receiving and possessing materials involving sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4), and Kaufmann pled guilty to both offenses without a plea agreement.

The mandatory minimum sentence for this pair of convictions is enhanced to fifteen years if the defendant has a prior

conviction "under the laws of any State *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, *possession*, receipt, mailing, sale, distribution, shipment, or transportation *of child pornography*." 18 U.S.C. § 2252(b)(1) (emphases added).[1]

The district court concluded that this enhancement applies because Kaufmann has prior convictions for possession of child pornography in violation of Indiana Code § 35-42-4-4 (2007). The court accordingly sentenced Kaufmann to an aggregate fifteen-year term of imprisonment, followed by five years of supervised release. Kaufmann appealed that sentence, contesting the district court's determination that his Indiana convictions trigger the enhancements under § 2252(b).

## II. ANALYSIS

We review *de novo* a district court's determination that a state conviction supports a sentencing enhancement under § 2252(b). *Kraemer*, 933 F.3d at 679.

Kaufmann argues that this determination calls for the "categorical" approach of *Taylor v. United States*, 495 U.S. 575

---

[1] Both subsection (b)(1) and subsection (b)(2) enhance the mandatory minimum sentence for certain crimes involving sexual exploitation of minors. Subsection (b)(1) imposes a fifteen-year minimum for some crimes (including Kaufmann's conviction under § 2252(a)(2)) while subsection (b)(2) imposes a ten-year minimum for other crimes (including Kaufmann's conviction under § 2252(a)(4)). For each subsection, the enhancement may be triggered by a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252(b)(1), (2).

(1990). Under that approach, we compare the elements of the state offense to the elements of the comparable federal offense. *Kraemer*, 933 F.3d at 679. Only if the state offense is the same as or narrower than the federal offense does the state conviction trigger an enhancement. *Id.* Kaufmann contends that the "relating to" language in § 2252(b) does not broaden the scope of state offenses that qualify as predicates for an enhancement.

Applying this categorical approach to Kaufmann's Indiana convictions, Kaufmann argues that the underlying Indiana statute criminalizing possession of child pornography is broader than federal possession of child pornography and therefore cannot support an enhancement under § 2252(b).

A federal statute supplies the applicable definition of child pornography:

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8).

Kaufmann argues that the Indiana statute captures not only possession of materials falling within this definition of "child pornography," but also possession of materials falling outside it. He specifically contends that the Indiana statute encompasses possession of images that do not depict an actual minor.

Kaufmann is right that the Indiana statute does not replicate the federal definition of child pornography. But it demonstrates at least substantial overlap in content. The state statute reads:

> A person who knowingly or intentionally possesses:
>
> (1) a picture;
> (2) a drawing;
> (3) a photograph;
> (4) a negative image;
> (5) undeveloped film;
> (6) a motion picture;
> (7) a videotape;
> (8) a digitized image; or
> (9) any pictorial representation;
>
> that depicts or describes sexual conduct by a child who the person knows is less than sixteen (16) years of age or who appears to be less than sixteen (16) years of age, and that lacks serious literary, artistic, political, or scientific value commits possession of child pornography, a Class D felony.

I.C. § 35-42-4-4(c) (2007).

Setting aside all overlapping content, Kaufmann urges us to engage in an element-by-element comparison. In other words, he argues that the categorical approach ought to apply to § 2252(b) and, accordingly, that the provision's "relating

to" language does not broaden the scope of enhancement-triggering offenses.

Kaufmann's position runs into a critical problem: his arguments are incompatible with our decision in *United States v. Kraemer*—a case we decided after the parties submitted their briefs here.

In *Kraemer*, we held that the categorical approach does not apply to § 2252(b)(2) because the "relating to" language in that provision broadens the state criminal convictions that support an enhancement. 933 F.3d at 683. We determined that Kraemer's conviction for first-degree sexual assault under a Wisconsin law was a prior conviction "'relating to' abusive sexual conduct involving a minor." *Id.* at 684 (quoting § 2252(b)(2)). Even though the state law swept more broadly than the federal law—by setting the victim's maximum age at thirteen years while the federal law set the victim's maximum age at twelve years—the state conviction still triggered the sentencing enhancement. *Id.*

In reaching this conclusion, we reasoned that "relating to" in § 2252(b)(2) "retains its usual broad meaning." *Id.* at 682 (contrasting the usual broad meaning of "relating to" with the limited meaning of "relating to" in the Immigration and Nationality Act's removal provision). That is, it means "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Id.* at 679 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). We further explained that Congress typically uses this phrase "to reach any subject that has 'a connection with, or reference to,' the topics the statute enumerates." *Id.* (quoting *Coventry Health Care of Mo., Inc. v. Nevils*, 137 S. Ct. 1190, 1197 (2017)).

As in *Kraemer*, the state statute of conviction here indisputably bears a connection to a topic enumerated in § 2252(b). Indeed, the Indiana statute addresses the same harm—sexual exploitation of minors—that the enhancement provision targets. And the state statute addresses that harm by criminalizing conduct that federal law deems possession of child pornography: knowing possession of images depicting sexual conduct by actual minors. There is no doubt, then, that under *Kraemer*, Kaufmann's convictions under Indiana Code § 35-42-4-4 are ones "relating to … possession … of child pornography."

Kaufmann does not argue that the Indiana statute bears no connection to, or falls outside the "heartland" of, federal possession of child pornography. *Kraemer*, 933 F.3d at 684. Instead, he asserts that *Kraemer* was wrongly decided and presses for the categorical approach.

Regardless whether Kaufmann's Indiana convictions would trigger an enhancement under the categorical approach, his prior convictions support an enhancement under *Kraemer*. And we adhere to our *Kraemer* decision today. Kaufmann's state convictions thus qualify as predicates for the enhanced mandatory minimum sentence, and we reject Kaufmann's challenge.

### III. CONCLUSION

Following our decision in *Kraemer*, Kaufmann's prior state convictions trigger the sentencing enhancements of § 2252(b). The district court's sentencing decision based on the enhanced fifteen-year mandatory minimum is AFFIRMED.