In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 24-2375

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GARY WILSON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 21 CR 50006 — **Iain D. Johnston**, *Judge.*

_____

ARGUED SEPTEMBER 16, 2025 — DECIDED NOVEMBER 12, 2025

_____

Before KIRSCH, JACKSON-AKIWUMI, and MALDONADO,
*Circuit Judges.*

KIRSCH, *Circuit Judge*. Gary Wilson was convicted of two
counts of production of child pornography in violation of 18
U.S.C. § 2251(a). A district court found that Wilson's prior
state-law conviction triggered a sentencing enhancement, and
Wilson did not object. He now contends that the enhancement
should not have applied because Illinois law sweeps more

broadly than does § 2251. But because Wilson cannot show that the district court plainly erred, we affirm.

I

In 2006, Gary Wilson was convicted of possession of child pornography. See 720 ILCS 5/11-20.1(a)(6). The Illinois law that Wilson violated makes it a crime to possess sexually explicit images "of any child or person with a severe or profound intellectual disability whom the person knows or reasonably should know to be under the age of 18 or to be a person with a severe or profound intellectual disability." *Id.*

Almost two decades later, Wilson used gaming systems and social media to convince children to send him sexually explicit content. He pled guilty to two counts of production of child pornography under 18 U.S.C. § 2251(a). Federal law ordinarily imposes (for each count) a minimum of 15 and maximum of 30 year sentence. 18 U.S.C. § 2251(e). But the statute also says that if a defendant has one prior conviction "relating to" the possession of child pornography, then he shall be "imprisoned for not less than 25 years nor more than 50 years." *Id.*

In the plea agreement, the government took the position that Wilson faced the enhanced penalties under § 2251(e) because of his prior conviction. The district court at sentencing found that Wilson faced the enhanced mandatory minimum and maximum sentences and Wilson's attorney did not object. Applying the enhancement, the court sentenced Wilson to sixty years in prison.

II

Wilson did not object to the § 2251(e) enhancement and forfeited that argument. See *United States v. Flores*, 929 F.3d

443, 447 (7th Cir. 2019). That means we review the application of the sentencing enhancement deferentially—for plain error. See Fed. R. Crim. P. 52(b); *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). To show that he is entitled to relief, Wilson must prove (1) the district court erred, (2) the error is plain, (3) it affects substantial rights, and (4) the error seriously undermines the fairness, integrity, or public reputation of judicial proceedings. *Greer v. United States*, 593 U.S. 503, 504 (2021) (cleaned up). We begin and end our analysis with the second requirement: to warrant relief, an error must be plain, meaning "clear" or "obvious." *United States v. Page*, 123 F.4th 851, 866 (7th Cir. 2024) (en banc) (quotation omitted).

As in much of the federal criminal law, Congress in § 2251 imposed heightened penalties for defendants previously convicted of a qualifying offense. Such offenses are described in general terms: a conviction "relating to" the "possession" of "child pornography" triggers the enhancement. See 18 U.S.C. § 2251(e). If that description seems to sweep broadly, that is because it was meant to—Congress defines prior offenses to account for the diversity of state and federal laws. See *United States v. Liestman*, 97 F.4th 1054, 1056 (7th Cir. 2024). The challenge for a sentencing court is to decide whether a given prior conviction—with its specific elements—falls within the generic offense described by the federal enhancement provision.

To guide this analysis, courts use a categorical approach. *Mathis v. United States*, 579 U.S. 500, 504 (2016). We ask whether a prior offense categorically (meaning always) falls within Congress's general description such that it triggers enhanced penalties. See *Liestman*, 97 F.4th at 1056–57. Because the facts of Wilson's case are "extraneous to the crime's legal requirements," we ignore them and instead focus only on the

elements of his state-law conviction. *Mathis*, 579 U.S. at 504. If the Illinois statute covers more conduct than does the generic offense defined in § 2251(e), then Wilson's prior conviction does not trigger the enhancement, even if what he did to break the law falls within the federal description. *Id.*

Wilson argues that the Illinois law he violated prohibits more and different conduct than does § 2251, because the state statute bars possession of sexually explicit images not only of children but also of people of any age "with a severe or profound intellectual disability." 720 ILCS 5/11-20.1(a)(6). The government agrees that the Illinois statute is broader than the generic crime described in § 2251(e). Still, it submits that a conviction under the Illinois law relates to the possession of child pornography because the statutes target similar conduct.

The categorical approach usually requires an identical connection between the federal and prior offenses. See *Descamps v. United States*, 570 U.S. 254, 260–61 (2013). Yet when Congress provides more specific guidance about the relationship required to trigger an enhancement, we follow that guidance. *United States v. Kraemer*, 933 F.3d 675, 679–81 (7th Cir. 2019). Congress gave more specific instruction in § 2251(e), which tells us that a single state-law conviction "relating to" the possession of child pornography is enough for the enhancement. 18 U.S.C. § 2251(e). The law does not define "relating to," so we interpret this term based on its ordinary meaning: "to stand in some relation, to have bearing or concern, to pertain, refer, to bring into association or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (cleaned up); see also *Liestman*, 97 F.4th at 1060 (quotation omitted).

In a series of cases involving different parts of the federal child pornography laws, we have held that a prohibition on accessing images of specific body parts of children related to a federal ban on child pornography, *Liestman*, 97 F.4th at 1065–66, that a state law making it a crime to possess images of a thirteen-year-old child related to a federal bar on images of children as old as twelve, *Kraemer*, 933 F.3d at 684, and that a prohibition on more and different kinds of sexually explicit representations of children related to a federal statute generally banning possession of child pornography, *United States v. Kaufmann*, 940 F.3d 377, 380–81 (7th Cir. 2019). We reasoned that a sufficient connection exists between two laws when they target the same type of harm. See *Kaufmann*, 940 F.3d at 380; *Liestman*, 97 F.4th at 1066; *Kraemer*, 933 F.3d at 684–85.

It's true that, as compared with § 2251, the Illinois law Wilson was convicted under protects an additional class of victims—disabled adults—and so is arguably meant to prevent a different type of harm. See 720 ILCS 5/11-20.1(a)(6); *Borden v. United States*, 593 U.S. 420, 441 (2021) (the categorical analysis focuses on the "least serious conduct" prohibited by a potential predicate offense). But we do not understand our precedent in this area to mean that only statutes that prohibit the same type of harm (and *only* that type of harm) relate to one another. The Illinois law at issue targets the sexual exploitation of minors—the same concern that motivated Congress in § 2251.

The fact that the state law protects mentally disabled people—including adults—in addition to children does not necessarily sever the connection between the Illinois and federal statutes. Cf. *Kraemer*, 933 F.3d at 684 (explaining that a slight overbreadth in the age of victims protected by a state statute

as compared with federal law did not mean the two were unrelated). It may become clear in some future case that statutes that protect different types of victims cannot relate to one another for the purposes of an enhancement provision. But the district court did not have the benefit of such a decision, and on plain error review we are not charged with making it now. See *United States v. Pemberton*, 85 F.4th 862, 868 (7th Cir. 2023) (noting that the standard of review can make a difference in the outcome of a categorical analysis). Congress cast a wide net in § 2251(e) by instructing courts to look for a conviction "relating to" possession of child pornography, and it is not clear or obvious that a statute that prohibits possession of sexually explicit images of vulnerable adults in addition to images of children does not have the required connection.

AFFIRMED